UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 11-0383 (PAM/___)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S POSITION PAPER** |
| v. | ) | |
| SUSANNE EILEEN MATHIS, | ) | |
| Defendant. | ) | |

The Defendant, by and through her attorney, Robert W. Owens, Jr., submits the following as her position with respect to sentencing.

Role in the Offense

We have one objection. In paragraphs 13 and 27, it is stated that Ms. Mathis is an average participant and is not entitled to a two level decrease in her offense level under § 3B1.2. We respectfully disagree and object. We maintain that Ms. Mathis was a minor participant under § 3B1.2(b).

Application Note 4 defines a "minimal" participant as one who is "<u>plainly among the least culpable</u> of those involved in the conduct of the group." Those participants receive a four level reduction in their offense level. Then in Application Note 5 it defines "minor" participant as, "less culpable than others but whose role could not be described as minimal." So a minor participant is somewhere between an average and a minimal participant.

In paragraph 27, it is acknowledged by the author of the PSR that Ms. Mathis "…may have been slightly less culpable that her codefendant." Assuming Ms. Mathis does not qualify for "minimal" consideration, then being less culpable than her codefendant meets

the literal, factual requirements in the definition of "minor" participant.

Also, there are many more players than her codefendant in this conspiracy. We agree she is less culpable than her codefendant, but when we lay out the roles of all those charged and yet-to-be-charged, Ms. Mathis' involvement ranks near the bottom. She was substantially less culpable than those others for several reasons. First, as she stated in Court and in her written statement to the probation officer, she did not know others were using her as the closer in fraudulent transactions until she was given information by a bank teller that made it apparent to her that the buyers were not the source of the "cash to close," and that these loans for Individual A were fraudulent. She acknowledges she did not stop performing the closings or blow the whistle about previous closings. Therefore, her knowing involvement was only for a portion of the transactions and a portion of the duration of the conspiracy.

Second, the parties agree Ms. Mathis did not recruit straw buyers, recruit shady appraisers or identify ripe properties. In other words, Ms. Mathis did nothing to help Individual A or the other insiders increase the size or scope of the conspiracy. Everything was done by the time the principals scheduled a closing with her.

Third, Ms. Mathis was not the recipient of any of the fraudulently obtained funds. She gets a 20 level offense increase for being implicated in losses that are slightly over the $7,000,000 threshold, and she did not pocket a penny of it. Clearly, she received her usual fees for performing the closings which produced income and helped her keep her small title company in business. Simply stated, the facts are that her role was clerical, for no personal illegal gain, and for a scheme that she did not initiate or enter knowingly.

We submit those facts qualify for a determination that she was less culpable than

others, but not "minimal." We request the PSR be amended to reduce her offense level by two points in paragraphs 27 and 31.

§ 3553 Factors and Motion for Variance

The Guidelines are now advisory and the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a).

Ms. Mathis is a 43 year old single woman. She was raised by her mother and maternal grandmother. She has been completely self-supporting since her teens. She has always had a job and paid her bills. She is a self-described workaholic. She states she has missed out on many things in her life because of her commitment to her work. She has never been in trouble with the law.

As mentioned in the above argument for being a minor participant, Ms. Mathis was not knowingly involved the entire period of the conspiracy or for all the fraudulent loans she closed. Furthermore, she did not receive any kickbacks or other monies from the over $7,000,000 of losses. A guideline range that treats her the same as the person who stole over $7,000,000 is not fair or just. Therefore, the characteristics of this defendant and her role in this offense warrant a lesser sentence than recommended by the Guidelines. In fact, the characteristics of this defendant and her role in this offense support a variance. A motion for such a variance has been filed contemporaneously with this position paper.

Ms. Mathis has been devastated by the poor choices and fear of confrontation that resulted in these charges. She has worked hard all her life and now has nothing to show for it, except a bleaker outlook going forward. I hope the probation officer will agree after speaking with Ms. Mathis and reviewing the PSR as a whole that Ms. Mathis is unlikely to offend again, notwithstanding the consequences ordered and/or not ordered by this Court.

Furthermore, never again being able to work in her field or any field that requires a license or involves handling funds, along with a staggering amount of restitution are consequences that reflect the seriousness of the offense and will promote respect for the law among closers and others in real estate.

Clearly, incarceration, a residential confinement and probationary sentences are all available to this Court. In light of the low risk of recidivism, Ms. Mathis' completely clean record until this age, and her acceptance of responsibility for her transgressions, we submit incarceration is not warranted. Furthermore, in light of her employment history and the fact that she has again found a job, a probationary sentence would allow her to contribute to repaying the victims.

We submit the § 3553 factors point to a sentence that is less than that suggested by the Guidelines. Additionally, we submit the facts and circumstances of this offense and this defendant and warrant a variance to a probationary sentence.

Dated: March 9, 2012    Respectfully submitted,

OWENS LAW, L.L.C.

 */s/ Robert W. Owens, Jr.*
Robert W. Owens, Jr. (#146833)
5270 W. 84th Street, Suite 300
Bloomington, MN 55437
Telephone: (952) 831-0733
Attorney for Defendant