```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Criminal No. 11-383(PAM)
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **POSITION ON SENTENCING** |
| | ) |
| v. | ) |
| | ) |
| 1. DANIEL DOUGLAS BOLER, | ) |
|    a/k/a Dan Boler, and | ) |
| | ) |
| 2. SUSANNE EILEEN MATHIS, | ) |
| | ) |
| Defendants. | ) |

The United States of America, by and through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Tracy L. Perzel, Assistant United States Attorney, hereby submits the Position of the United States with Respect to Sentencing.

The United States concurs with the Pre-Sentence Investigation report ("PSR") Sentencing Guidelines calculations. The defendants should be sentenced within the advisory range and ordered to pay restitution for the loss set forth in the PSR. However, their early pleas and other information before the Court merit consideration.

Beginning in 2005 and continuing through 2008, defendants Daniel Boler and Susanne Mathis were involved in a scheme to defraud mortgage loan lenders ("lenders"). Both defendants Boler

1

and Mathis were uniquely positioned to play integral roles in advancing the scheme. Their roles included securing and effectuating the necessary financing for the purchase of more than 80 properties, even though neither designed the scheme.

Together, defendants Boler and Mathis initiated and completed the mortgage loan process for each property. Defendant Boler owned a Minnesota-licensed mortgage brokerage firm, Team Access. Using his mortgage loan company and under the contractual agreements between his company and its various lenders, defendant Boler and one or more of his employees applied to lenders to secure mortgage loans for individual buyers. Of course, the lenders assumed defendant Boler and those acting on his behalf were truthful when relaying to them the terms of each real estate transaction and the relevant buyer's financial condition. Defendant Boler and others acting on behalf of his company, however, were not truthful and concealed material information concerning the true terms of each real estate transaction, including the existence of kickbacks to be paid to the individual buyers. For her part, defendant Mathis misled lenders concerning the true nature of each transaction, represented that the mortgage loans were closed in accordance with the lenders' instructions, and made concealed payments to buyers from mortgage loan proceeds following the property closing.

As a result of the misrepresentations by defendants Boler and Mathis, the mortgage loan lenders were denied the necessary

information to properly consider whether or not to fund the individual transactions. This resulted in the funding of transactions that would not otherwise have been funded and, ultimately, delinquencies in mortgage loan payments, eventual short-sale and foreclosure actions on the majority of properties involved in this scheme, and substantial losses to the mortgage loan lenders. The impact of crimes like these is devastating. <u>United States v. Parish</u>, 565 F.3d 528, 535-36 (8th Cir. 2006).

Defendants Boler and Mathis have accepted responsibility for their involvement in fraudulent transactions for 108 properties and 98 properties, respectively. For participation in the offenses, the defendants received the customary monetary fees associated with the mortgage lending industry – i.e., loan origination fees, title closing fees, etc. This benefit to the defendants went on despite the increasingly negative market conditions that caused numerous legitimate mortgage brokerages and title companies to close their doors permanently.

Based on (1) losses totaling more than $7 million, (2) victims that number more than 10, (3) the defendants' abuse of positions of trust in committing the offense, and (4) defendant Boler's actions in managing/supervising an individual who aided the fraudulent securing of mortgage loans, the advisory guidelines range applicable to defendant Boler is 108 to 135 and to defendant Mathis is 79 to 97. While neither served as the architect of this scheme,

their inside knowledge of the mortgage lending industry and licensing (as a mortgage brokerage and a title closing company) made both defendants integral to the completion of the fraud through false mortgage loan applications, deceiving purchase agreements, false HUD-1 settlement forms, and related false materials on which the lenders relied. As a result, the ripple effect of the defendants' offenses counterbalances the defendants arguments for exceptional leniency.

Dated: June 11, 2012

Respectfully Submitted,

B. TODD JONES
United States Attorney

s/ Tracy L. Perzel

BY: TRACY L. PERZEL
Assistant U.S. Attorney