UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Crim. No. 11-383(2) (PAM)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Susanne Eileen Mathis,

Defendant.

---

This matter is before the Court on the Government's Motion for an Amended Judgment Finalizing Restitution. (Docket No. 66.) For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

In 2012, Defendant Susanne Eileen Mathis pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, stemming from her role in a mortgage fraud scheme. (Plea Agreement (Docket No. 12.) In the plea agreement, Mathis agreed that this Court was required to order restitution under 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"). (Id. at 9-10.) She further agreed that restitution would be based on the total loss and that it would "not be limited to the counts of conviction." (Id. at 9.) The plea agreement stated that the stipulated loss was "more than $7 million but less than $20 million." (Id. at 4.)

The presentence report identified 43 victims and attributed to Mathis a total loss of $7,421,172.60. The report also included a restitution request of $186,851.45 from

SunTrust Mortgage Company, the only victim who sought restitution. On November 7, 2013, the Court sentenced Mathis to 35 months' imprisonment followed by three years' supervised release, and it left restitution to be determined pending additional information from the parties. (Docket No. 55.)

Nearly four years after sentencing and without explanation for its delay, the Government filed this Motion, requesting "an amended judgment finalizing restitution in the amount of $186,851.45 for the benefit of Sun Trust Mortgage." (Docket No. 66.) The Court has received no additional information except a stipulation from the parties dated June 26, 2014, which required Mathis to place any proceeds owed to her from the sale of her property into an escrow account "to be applied towards the restitution judgment . . . [o]nce the restitution amount is finally determined." (Docket No. 71.) Mathis objects to the Government's Motion, arguing that the Motion is untimely and prejudicial. (Def.'s Obj. (Docket No. 70).)

**DISCUSSION**

A sentencing court must order restitution to identifiable victims of certain offenses against property, including fraud or deceit. United States v. Adetiloye, 716 F.3d 1030, 1039 (8th Cir. 2013) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii)). The purpose of imposing mandatory restitution "is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." United States v. Balentine, 569 F.3d 801, 806 (8th Cir. 2009) (quoting United States v. Gordon, 393 F.3d 1044, 1053 (9th Cir. 2004)).

2

If a victim's losses are not ascertainable before sentencing, a court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). But that court retains power to order restitution after this 90-day deadline if it "ma[kes] clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." Dolan v. United States, 560 U.S. 605, 608, 611 (2010) ("The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution").

While courts retain the power to order restitution after the 90-day deadline has elapsed, the Court is unaware of, and the Government has not cited, any case in which restitution was ordered more than two years after the 90-day deadline, let alone nearly four years. See, e.g., Dolan, 560 U.S. at 609 (three months after deadline); United States v. Adejumo, 848 F.3d 868, 870 (8th Cir. 2017) (nine months after deadline); Balentine, 569 F.3d at 802 (two years after deadline). Mathis persuasively argues that the Government's delay here warrants special consideration from the Court.

The Government contends that this Court should order $186,851.45 in restitution because Mathis agreed that restitution was required in her plea agreement, and she did not object to the loss amount reported in the presentence report. (Docket No. 66.) In other words, Mathis knew that this Court would order restitution, and she did not object at the time of sentencing. Mathis may have known that this Court would order restitution, but the plea agreement stated that the parties did not agree on the amount of restitution, and this Court left restitution to be determined pending additional information

3

at the sentencing hearing.  The Government has offered no additional information to support its restitution request, other than the stipulation addressed below.  The Court is not satisfied, under these circumstances, that the Government has met its burden of proving the total loss amount of $186,851.45 by a preponderance of the evidence.  See Adetiloye, 716 F.3d at 1039 (citing 18 U.S.C. § 3664(e)).

Even if the Government's burden was met, the delay in seeking restitution here has severely prejudiced Mathis.  Mathis received a sentence-monitoring form dated January 31, 2015, which said that she owed no restitution.  (Def.'s Obj. at 6.)  Moreover, Mathis was placed on supervised release nearly two years ago, and the Government still waited to bring this Motion.  The Court has discretion to set the amount of restitution and will exercise that discretion as set forth below.

As the parties acknowledged in the plea agreement, restitution is warranted here.  Although it provided no additional evidence to support restitution in the amount of $186,851.45, the Government did provide credible evidence that Mathis agreed to apply any proceeds owed to her from the sale of her property towards the restitution judgment.  (Docket No. 71.)  The Government believes $55,221.63 remains in escrow with West Title.  The Court therefore directs Mathis to pay this amount in escrow to SunTrust Mortgage Company.

**CONCLUSION**

The Court concludes that Mathis shall pay $55,221.63 in restitution to SunTrust Mortgage Company. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Government's Motion for an Amended Judgment Finalizing Restitution (Docket No. 66) is **GRANTED in part and DENIED in part**; and

2. Defendant shall pay $55,221.63 in restitution to SunTrust Mortgage Company, P.O. Box 26149, Richmond, VA 23260-6149, reference 22323 Cameo Court, Forest Lake, MN. Defendant shall make one single payment from her escrow account with West Title to the Clerk of the United States District Court, who will disburse the amount to the victim. Interest and penalties on the restitution amount are waived pursuant to 18 U.S.C. § 3612(f)(3).

Dated: September 27, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge